UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Lynn Burchett,

Plaintiff,

v.

Target Corporation,
A Minnesota Corporation,

Defendant.

Civ. File No. 01-1029 (PAM/RLE)

**MEMORANDUM AND ORDER**

---

Plaintiff filed suit against Defendant, her former employer. She alleges that Defendant discriminated against her on the basis of her disability in violation of the Americans with Disabilities Act, 42 U.S.C. §12102 et seq. ("ADA"), and the Minnesota Human Rights Act, Minn. Stat. §§ 363.01-363.15 ("MHRA"). This matter is before the Court on Defendant's Motion for Summary Judgment. For the reasons that follow, the Court grants Defendant's Motion.

**BACKGROUND**

Plaintiff Lynn Burchett began working in a new position for Defendant Target Corporation ("Target") on December 18, 1996. From that point until late 1999, Burchett received glowing performance reviews, despite having been diagnosed with depression. After her father died in 1999, however, Burchett's depression worsened. In the beginning of April 2000, Burchett took an extended leave from the company for medical reasons.

FILED OCT [illegible]
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD [illegible]
DEPUTY CLERK

Burchett did not return to work until June 14, 2000, at which time she worked only part-time, or three six-hour days each week. Target, through Burchett's supervisors, adjusted her work responsibilities as well as her work schedule. Target contends that Burchett's performance had begun to decline before she took her leave and only worsened upon her return. Burchett maintains that the only difference between her work before and after her leave is in how her supervisors treated her, after they had become aware of her disability. Both parties discuss the various conflicts that occurred with her supervisors as a result of their perception of her decline in performance.

Burchett began requesting a transfer out of her current department in 1999. At least one division expressed interest in Burchett, but at the time had no vacancies. Upon returning from her leave, Burchett resubmitted transfer applications to her supervisors. As Target grew frustrated with what it perceived as severe performance problems, Burchett's supervisors issued a reprimand and refused to forward anymore transfer applications on her behalf. In response, Burchett complained to other employees about her supervisors' actions. Target ultimately placed Burchett on a leave of absence, on which she remains today.

Burchett claims that Target violated the ADA and the MHRA in three ways. First, Burchett claims that Target discriminated against her because of her disability. Additionally, she argues that Target created a hostile working environment on the basis of her disability. Third, Burchett claims that Target retaliated against her for reporting these violations. Burchett fails to demonstrate that genuine issues of fact exist for any of her claims.

## STANDARD OF REVIEW

Target filed a Motion for Summary Judgment pursuant to Rule 56(c), which provides that a motion for summary judgment shall be granted only if "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). When considering a motion for summary judgment, the Court must view the evidence and the inferences that may be reasonably drawn from the evidence in the light most favorable to the non-moving party. Enter. Bank v. Magna Bank, 92 F.3d 740, 747 (8th Cir. 1996).

The burden of demonstrating that there are no genuine issues of material fact rests on the moving party. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the moving party has carried its burden, the non-moving party must demonstrate the existence of specific facts in the record that create a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986); Krenik v. County of LeSueur, 47 F.3d 953, 957 (8th Cir. 1995).

## DISCUSSION

### A. Disability Discrimination Claim

Courts follow the burden-shifting scheme from McDonnell Douglas Corporation v. Green, 411 U.S. 792, 802-04 (1973), to evaluate disparate treatment claims under the ADA and the MHRA. Wilking v. County of Ramsey, 153 F.3d 869, 872-73 (8th Cir. 1998) (noting that the MHRA parallels the ADA). Plaintiffs must first establish a prima facie case of

discrimination. Id. Then, the employer has a burden to articulate a legitimate, non-discriminatory reason for its actions. Id. If the employer meets this burden of production, then the plaintiff bears the ultimate burden to prove that the employer's legitimate non-discriminatory reason is a pretext for discrimination. Id. To prevail on summary judgment, a defendant only has to demonstrate that no issues of material facts exist on any one of the elements or sub-elements of the prima facie case. Additionally, a defendant can illustrate that no questions of fact remain on either of the final two McDonnell Douglas steps.

To establish a prima facie case of disability dsicrimination, a plaintiff must establish the following three elements: (1) that she is disabled within the meaning of the ADA or regarded as disabled by her employer; and (2) that she is qualified to perform the essential functions of her job with or without reasonable accommodation; and (3) that she suffered an adverse employment action because of her disability. Kiel v. Select Artificials, Inc., 169 F.3d 1131, 1135 (8th Cir. 1999); Wilking, 153 F.3d at 872-73 (citing Christopher v. Adam's Mark Hotels, 137 F.3d 1069, 1072 (8th Cir. 1998)).

1. First Element of Prima Facie Case

To satisfy the first element of a prima facie case, a plaintiff must demonstrate that she is unable to perform a major life activity that the average person in the general population can perform, or be significantly limited in the condition, manner, or duration under which she can perform that activity as compared to an average person in the general population. Webner v. Titan Distrib. Inc., 267 F.3d 828, 834 (8th Cir. 2001) (citing Weber v. Strippit,

Inc., 186 F.3d 907, 913 (8th Cir. 1999); 29 C.F.R. § 1630.2(j)(1)). A major life activity includes "caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." 29 C.F.R. § 1630.2(i). The ability to perform cognitive functions on a par with the average person falls within this category of major life activities. Brown v. Cox, 286 F.3d 1040, 1045 (8th Cir. 2002). In this case, Burchett claims that, as a result of her depression, she suffers from fatigue and headaches and has difficulty concentrating. However, Burchett does not offer evidence that her impairments are sufficiently severe to constitute a disability under the ADA. Burchett does not create a question of fact on the issue of whether her cognitive abilities and capacity for concentration are significantly limited as compared to the abilities of an average person in the general population.

Alternatively, a plaintiff may show that her employer regarded her as disabled under the ADA. "Within the meaning of the ADA, the term 'disability' includes 'being regarded as having' 'a physical or mental impairment that substantially limits one or more of the major life activities of the individual.'" Conant v. City of Hibbing, 271 F.3d 782, 784 (8th Cir. 2001) (quoting 42 U.S.C. §§ 12102(2)(A), 12102(2)(C)). The court in Conant relied on Sutton v. United Air Lines, Inc., 527 U.S. 471 (1999) in declaring that for "regarded as" actions, "the plaintiff must show that the employer or potential employer 'entertain[ed] misperceptions about the individual--it must [have] believe[d] either that one ha[d] a substantially limiting impairment that one [did] not have or that one ha[d] a substantially

limiting impairment when, in fact, the impairment [was] not so limiting." Conant, 271 F.3d at 785 (quoting Sutton, 527 U.S. at 489). Even assuming that Burchett can establish that Target regarded her as disabled, she does not demonstrate that a question of fact exists on the second element of a prima facie case.

2. The Second Element of Prima Facie Case

Burchett argues that Target violated the ADA and the MHRA in denying her request for reassignment and in failing to participate in an interactive process with her in discussing reasonable accommodations. The record does not support either claim. To satisfy the second element of a prima facie case, a plaintiff must "(1) possess the requisite skill, education, experience, and training for her position; and (2) be able to perform the essential job functions with or without reasonable accommodation." Moritz v. Frontier Airlines, Inc., 147 F.3d 784, 786-87 (8th Cir. 1998) (cited in Burke v. Iowa Methodist Med. Ctr., No. 01-1705, 2002 WL 181241, at *3 (8th Cir. Feb. 6, 2002). The second element introduces an additional nuance into the evaluative process under the ADA. To determine whether an accommodation is reasonable and satisfies the ADA, a court must conduct a second burden-shifting analysis within the larger burden-shifting McDonnell Douglas scheme. Fjellestad v. Pizza Hut of Am., Inc., 188 F.3d 944, 950 (8th Cir. 1999) (citing Benson v. Northwest Airlines, Inc., 62 F.3d 1108, 1112 (8th Cir. 1995).

Additionally, the ADA requires employers to participate in an interactive process with their employees in determining whether to make accommodations for them. Id. at 952.

Burchett argues that Target did not engage in this process with her. Once the employer knows of an employee's disability and the employee has requested an accommodation, a disabled employee must demonstrate all of the following factors to show that an employer failed to participate in the interactive process:

> 1) the employer knew about the employee's disability; 2) the employee requested accommodations or assistance for his or her disability; 3) the employer did not make a good faith effort to assist the employee in seeking accommodations; and 4) the employee could have been reasonably accommodated but for the employee's lack of good faith.

Id. (adopting factors in Taylor v. Phoenixville Sch. Dist., 174 F.3d 142, 158-59 (3d Cir. 1999).

In this case, Burchett repeatedly requested accommodations, ranging from a restructured work load and diminished working hours to transfers or reassignments to different positions. Target permitted all of these accommodations except Burchet's reassignment request. Reassignment to a vacant position may be an appropriate accommodation under the ADA. Fjellestad, 188 F.3d at 950 (citing 42 U.S.C. § 12111(9)(B)); Benson, 62 F.3d at 1114; 29 C.F.R. § 1630.2(o)(2)(ii). However, an employer's obligation to reassign an employee does not arise until after a determination that the employee is unable to perform the duties of her current position. See, e.g., Cravens v. Blue Cross & Blue Sheild of Kansas City, 214 F.3d 1011, 1018 (8th Cir. 2000) (quoting, among other cases, Smith v. Midland Brake, Inc., 180 F.3d 1154, 1167 (10th Cir. 1999)). Burchett has testified that, in her own assessment, she could perform the essential functions

of the job to which she returned after taking medical leave. (Burchett Dep. at 211-213.) In her deposition, Burchett claims that a lack of support, understanding, training, and adequate job descriptions prevented her from doing her job. (Id. at 214-15.) Conspicuously, Burchett does not claim the her inability to concentrate or her cognitive difficulties prevented her from doing her job. Rather, she states that even without support, understanding, training and adequate job descriptions, she could have performed her job adequately. (Id. at 213.) Finally, the record shows that Target made numerous accommodations and made a good faith effort to assist Burchett, thereby participating in an interactive process with her. Thus, Burchett has not created an question of fact on the second element of her prima facie case.

**B. Hostile Work Environment and Retaliation Claims**

In her brief opposing summary judgment, Burchett fails to mention the hostile work environment claim from her Complaint. Furthermore, the Eighth Circuit has never recognized an ADA claim based on a hostile work environment. Jeseritz v. Potter, 282 F.3d 542, 547 (8th Cir. 2002). To prevail, Burchett must offer evidence that she suffered from disability-based harassment that was so severe or pervasive as to alter the conditions of her employment and create an abusive working environment. Id. The record does not support this claim and Burchett, therefore, fails to create a question of fact on the issue. Likewise, Burchett never mentions a retaliation claim in her brief opposing summary judgment. Burchett has raised no question of fact on whether she engaged in a protected activity or on whether she faced reprisal as a result of engaging in a protected activity, both of which are

needed to prevail on a retaliation claim. Salitros v. Chrysler Corp., No. 01-3031, 2002 WL 31190839, at *3-4 (8th Cir. Oct. 3, 2002).

**CONCLUSION**

Even assuming that Burchett created a question of material fact on the first component of a prima facie case of disability discrimination, she cannot prevail. Burchett testified that she could perform her current job without an accommodation. Therefore, she has not shown that reassignment was necessary, and Target does not have to oblige her accommodation request. Finally, the record does not contain evidence sufficient to establish a fact question on either the hostile work environment claim or the retaliation claim.

Accordingly, after review of the record, files, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment (Clerk Doc. No. 24) is **GRANTED.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: October 16, 2002

Paul A. Magnuson
United States District Court Judge

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

DATE MAILED TO COUNSEL/PRO SE PARTIES:

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make Additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

C:\FORMS\APPEAL NO. CIV
Rev. August 11, 1995

# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

### Prehearing Conference Program

The United States Court of Appeals for the Eighth Circuit has established an early intervention Prehearing Conference Program. The purpose of the program is twofold: (1) to facilitate settlement discussions in civil cases by providing an impartial atmosphere for an open discussion of the case and alternative methods of disposition and (2) to promote the delineation of issues, early resolution of procedural problems, and effective administration of an appeal throughout the appellate process. See 8th Cir. R. 33A.

The program is directed by Mr. John Martin. Mr. Martin screens newly filed appeals based on information furnished by both appellants and appellees in the court's Appeal Information Forms A and B. Contact with counsel is by telephone and in personal conferences held in several cities throughout the Circuit. All communications with Mr. Martin are confidential. Counsel can openly discuss and evaluate the issues and explore alternatives in a non-adversarial setting without fear that the subsequent processing of the appeal or ultimate disposition of the case will be adversely affected by participation in the program.

Participation in the program is voluntary. However, the Court strongly encourages your participation and cooperation. Over the past twenty years, the program has enabled many appellate litigants to achieve mutually satisfactory resolution of certain issues or an overall settlement prior to progressing through all stages of the appellate process. Issue delineation enables counsel to focus only on those issues that need judicial resolution. The program has helped relieve the ever-increasing caseload confronting the Court, and it has also saved litigants and attorneys substantial amounts of time and money.

In order for the program to function effectively certain information <u>must</u> be provided at the initiation of the appeal. *Eighth Circuit Rule 3B directs each civil appellant to: (1) file a completed Appeal Information Form A with the Notice of Appeal at the time the Notice is filed with the District Court clerk and (2) forward a copy of the completed Form A and a copy of Appeal Information Form B to the appellee for completion.* Appellee may complete Form B and send it to the clerk of the Court of Appeals. If you have any questions about the Prehearing Conference Program or the Appeal Information Forms, please contact Mr. Martin at (314)-539-3669.

Forms A and B are available from the District Court clerk and the Court of Appeals clerk and can be found at the Court of Appeals' web site at: www.ca8.uscourts.gov

*June 1, 2000*